



FILED
1/9/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Western Division

Basil Mohandie

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

RECEIVED
NOV 2 2 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

vs.

John Varga, in his
Official Capacity as Warden
of Dixon Correctional Center,
Dr. Jamie Chess, ~~illegible~~
~~illegible~~ Troy Hendrix, ~~illegible~~
~~illegible~~

Case No: 17-50355
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

☑ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

☐ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

☐ **OTHER** (cite statute. if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

I. Plaintiff(s):

   A. Name: Basil Mohandie

   B. List all aliases: Shadi Shurabi

   C. Prisoner identification number: M51372

   D. Place of present confinement: Dixon Correctional Center

   E. Address: 2600 N. Brinton Avenue, Dixon, IL 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: John Varga
      Title: Chief Administrative Officer / Warden
      Place of Employment: Dixon C.C.

   B. Defendant: Dr. Jamie Chess, Psy.D
      Title: Psychology Administrator
      Place of Employment: Dixon C.C.

   C. Defendant: Troy Hendrix
      Title: Superintendent
      Place of Employment: Dixon C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (X) NO ( ) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (X) NO ( )

C. If your answer is YES:

1. What steps did you take?
Filed and wrote numerous grievances and letter to the defendants regarding my housing situation, including higher up management.

2. What was the result?
My grievances were denied, lost, or not responded to.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
Yes, I did appeal. The administration concurred with the facility's denial of my grievance.

D. If your answer is NO, explain why not:

3

E. Is the grievance procedure now completed? YES (X) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( )

G. If your answer is YES:

   1. What steps did you take?
   _____
   _____
   _____

   2. What was the result?
   _____
   _____
   _____

H. If your answer is NO, explain why not:
_____
_____
_____

4

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

   A. Name of case and docket number: __None filed before this__

   B. Approximate date of filing lawsuit: _____

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
   _____
   _____

   D. List all defendants: _____
   _____
   _____

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

   F. Name of judge to whom case was assigned: _____

   G. Basic claim made: _____
   _____

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
   _____

   I. Approximate date of disposition: _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

1. This is a civil action arising under section 202 of the Americans with Disabilities Act, 42 USC § 12132, Section 504 of the Rehabilitation Act 29 U.S.C. § 794(a), and 42 USC § 1983. The jurisdiction of this court is conferred by 28 U.S.C. § 12133, 29 U.S.C. § 794 a(a)(2), and 28 USC § 1343.

2. Plaintiff Basil Mohandie is a resident of the Northern District of Illinois.

3. Defendant John Varga is the warden of Dixon Correctional Center. Plaintiff sues Varga in his official capacity to assert claims of injunctive relief and monetary damages under the ADA and Rehabilitation Act; Plaintiff asserts a claim for injunctive relief only under 42 USC § 1983 against the warden Varga.

4. Defendant Dr. Jamie Chess is Psychologist Administrator at Dixon Correctional Center. Plaintiff sues Chess in her individual capacity only.

5. Defendant Troy Hendrix is the Superintendent of the entire operation of the residential treatment unit and specialize treatment center and is responsible for the entire operation. Plaintiff Hendrix is sued in his official capacity only.

6. Plaintiff is confined in the Illinois Department of Corrections; plaintiff entered the IDOC on March 31,

2015, and expects to be released on March 16, 2035.

7. Plaintiff suffers from serious mental health maladies. Records maintained by or on behalf of the IDOC show that plaintiff suffers from PTSD, and autism spectrum disorder Asperges Syndrome, Psychomotor Retardation, Rape trauma syndrome, Social anxiety disorder, and suicidal and homocidal ideations, including self injuries.

8. Physicians working at the IDOC have diagnosed plaintiff as suffering from PTSD and autism spectrum disorder, Asperges Syndrome, psychomotor retardation, rape trauma syndrome, social anxiety disorder, and suicidal and homocidal ideations, including self injuries.

9. In 2015, officials at IDOC concluded that plaintiff's psychological disabilities could not be accommodated at Stateville Correctional Center, where plaintiff was then confined.

10. On April 24, 2015, the IDOC transferred plaintiff to the Dixon Correctional Center in an attempt to accommodate plaintiff's psychological disabilities.

11. Plaintiff was assessed at Dixon by Dr. Mattews, a psychiatrist and Dr. Kane, a psychologist, concluded that plaintiff's psychological disabilities required that he be assigned to a single cell.

12. Plaintiff was single celled all his time at Dixon Special Treatment Center from April 24, 2015 to May 4, 2016. ~~[crossed out]~~ The then, Superintendent, Jon Provo, had plaintiff single celled at housing unit 44 all his time at Dixon "STC."

13. The plaintiff was then vindictively transferred to a general population setting by the "say so" of Dr. Chess. Plaintiff was transferred to Hills Correctional Center where he was single celled by the central district regional mental health Administrator Dr. Jeffery Sim because of psychological disabilities and trauma history with cellmates.

14. On March 23, 2017 plaintiff was transferred back to Dixon STC after 77 days on Crisis watch due to his inability to cope in a general population setting. Dr. Chess initially refuse to allow plaintiff to come back to STC at Dixon C.C. The head psychiatric administrator had to intervene on plaintiff behalf in order to get back to Dixon.

15. Plaintiff told mental health staff he needs to remain single celled due to anxiety and suicidal and homocidal ideations towards cellmates, but was told that Dr. Chess does not want plaintiff

Single celled anymore. That Dr. Chess also told mental health to tell plaintiff that if he gets physical or sexually abused or assaulted he should just kill himself because he's a Muslim and she doesn't accommodate Muslims. Mental Health also told plaintiff that Dr. Chess transfered him out of STC and now that he's back, you won't be single celled unless your raped or abused or assaulted. This information coming from Mr. Hagler who is a qualified mental health professional.

16. Plaintiff also communicated with Warden Varga and Superintendent Hendrix about Dr. Chess refusal to comply with administrative directives to assign plaintiff to a one man cell but to no avail.

17. Warden Varga and Superintendent Hendrix ignored all complaints made by plaintiff.

18. Plaintiff filed several grievances about Dr. Chess refusal to assign plaintiff to a single cell and about his need to be placed in a single cell, pointing out that he has a history of physically, sexually, assaultive abuse and self harm while being double celled.

19. Correctional Staff of IDOC responded to grievances by threatening plaintiff with discipline.

20. On May 4, 2017 Plaintiff ~~psychologist~~ spoke with Dr. Hewitt Meyer. Dr. Meyer recommended Plaintiff to be one person single celled but said it would be Dr. chess decision.

21. On May 23, 2017, plaintiff informed a mental health professional that he fearful of being physically sexually abused assaulted and believe that he would kill cellmate with soap sock when sleeping if there were any attempted harm, molestation, rape, extort, etc.

22. Because of the failure of the prison to accommodate plaintiff's mental disabilities, plaintiff engaged in 25 day of hunger strike and self injury between March 23, 2017 until August 18, 2017. Plaintiff is still using self harm as a coping skill to keep from killing his cellmate.

23. As a result of the foregoing, plaintiff has been deprived of rights secured by the ADA and the Rehabilitation Act, incurred physical harm and experienced serve emotional distress.

24. Plaintiff hereby demands trial by jury. Wherefore plaintiff requests that appropriate compensatory and punitive damages be awarded against defendants, that court grant such injunctive relief as may be appropriate, and that

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Costs of his action, including fees and costs, be taxed against defendants

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __17__ day of __Nov.__, 20__17__

__Basel Mohandie__
(Signature of plaintiff or plaintiffs)

__Basil Mohandie__
(Print name)

__M51372__
(I.D. Number)

__2600 N. Brinton Avenue__
__Dixon, IL 61021__
(Address)

8

Basil Monahae #M51572
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, IL 61021

THIS CORRESPONDENCE
IS FROM AN INMATE OF THE ILLINOIS
DEPT OF CORRECTIONS



U.S. District Court
Northern District of Illinois, Western Division
211 South Court
Rockford, IL 61101